## COMMISSIONERS OF THE LAND OFFICE et al. v. BRUNSON et al.

No. 23411. Sept. 10, 1935.

Rehearing Denied Nov. 26, 1935.

Mac. Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for plaintiffs in error.

Rittenhouse, Webster & Rittenhouse, H. M. Shirley, and F. E. Chappell, for defendants in error.

RILEY, J. Petitioners below, defendants in error, secured the issuance of a peremptory writ of mandamus from the court below to compel the plaintiffs in error, the Commissioners of the Land Office of the state of Oklahoma, to pay to them interest in the approximate sum of $9,500, alleged to have accumulated on a trust fund. The trust fund arose under a contract, or agreement, heretofore considered and found to exist, under which the Commissioners of the Land Office leased certain lands in the bed of Red river to petitioners, but by reason of the title of the state to the lands being in dispute and thereafter failing (State of Oklahoma v. State of Texas, 259 U. S. 565, 66 L. Ed. 1067), the funds derived under the execution of the leases were to be held pending ascertainment of valid title in the state of Oklahoma. The trust fund has heretofore been disbursed to petitioners as a result of the decision of this court, Brunson et al. v. Commissioners of the Land Office, 145 Okla. 219, 292 P. 562. Therein the interest, said to have accumulated by reason of the use of the trust fund, was sought to be recovered, but the directions contained in the judgment of this court applied only and specifically to "refund of the several sums of money deposited by plaintiffs or their assignors as bonuses, rentals and forfeitures. * * *"

In response to the alternative writ of mandamus issued below, the Commissioners of the Land Office denied the sixth paragraph of the petition for the writ. Thereby it was denied that the Commissioners of the Land Office of the state of Oklahoma had in their possession or under their control any interest accumulated on such trust fund as affirmatively pleaded by petitioners. By paragraph 4 of the stipulation as to facts entered, into by the parties, it was agreed "that the funds involved in said case were in possession of the School Land Department from date of receipt thereof until the date of refund thereof, and used as other funds in said department for loans; that

there is now in force approximately $3,000,-000 in loans of the permanent school fund of the state of Oklahoma, and approximately $2,000 in cash in said fund, and that the funds involved in case No. 20029 of the Supreme Court, state of Oklahoma [145 Okla. 219, 292 P. 562], were also in said fund."

Thus it is observed that the payments ordered are far in excess of the cash on hand in the permanent school fund as above stated, and for reasons as more particularly stated hereinafter, the cash on hand in said permanent school fund is presumed to be a part of the fund itself as distinguished from accumulations thereon.

Under the provisions of section 3, art. 11, of the Constitution of Oklahoma, the interest and income of the permanent school fund "shall be used and applied each year for the benefit of the common schools of the state, and shall be, for this purpose, apportioned among and between all the several common school districts of the state. * * *"

The petitioners assert the right to a recovery of interest on this fund upon a principle of equity, which is to the effect that: "Trustees generally are held to the strictest accountability to their beneficiaries for all profits and pecuniary gains acquired out of or by reason of the trust estate or trust relation." Richard v. Lowery, 135 Okla. 243, 275 P. 335; 26 R. C. L. 1588. They contend "that the interest was an accessory to the fund deposited and belonged to the owner of the fund." Earl of Lonsdale v. Church, 3 Brown Ch. 40.

They do not base their claim as to interest upon any statute, contract, stipulation, or agreement in writing or resting in parol. 33 C. J. 182.

See Schlesinger v. Wisconsin (Wis.) 218 N. W. 440, 57 A. L. R. 352, and Eaton v. St. L. & S. F. R. Co., 122 Okla. 143, 251 P. 1032, holding as to refund of moneys erroneously paid for taxes, in the absence of statute or contract, "There is no ground for charging the Crown with interest."

We do not base our decision herein upon the proposition as to whether interest under such circumstances is recoverable as against the state.

The Attorney General contends in behalf of plaintiff in error that the decision of this court in Brunson et al. v. Com'rs of the Land Office, supra, is res adjudicata; that the judgment heretofore rendered is an adjudication not only as to every question, issue, and

fact which was presented, but also upon those which might have been presented in the first suit: that, therefore, this action for interest cannot now be maintained. Hare Mining & Milling Co. v. Keyes, 120 Okla. 217, 251. P. 77. Without resting the judgment here, we determine the matter upon another ground, which is that: Petitioners wholly failed to prove the present existence of any sum of money representing interest on said trust fund. In their briefs they assume that "under and by virtue of section 8609, C. O. S. 1921, said trust fund has accumulated interest at not less than 3 per cent. per annum since the 12th day of August, 1919. * * *"

The provisions of the statute relied upon relate to interest paid on daily balances on deposits, but the assumption is contrary to the agreed fact, wherein it is stipulated that the trust fund became a part of the permanent school fund and was used for loans. The petitioners argued that the courts will indulge the presumption that officers do their duty in public matters; that it was the duty of the officers in charge of this fund to deposit it; that as a consequence there exists a sum of money representing interest earned by the trust fund, in the amount sought. But the fact is agreed to be as stated, and by the highest of mandates, if ever interest was recovered by the state as a result of a loan of the permanent school fund, of which in fact though not in law the trust fund became a part, the interest so recovered by the state has long since been expended. There is an utter absence of proof showing the existence of such a sum of money as is sought to be recovered by this writ.

The rule relied upon and stated in the case of Fidelity Bank v. Copeland, 138 Okla. 19, 280 P. 273, is a sound one. It is:

"Where a trust fund is deposited in a bank to the personal account of the trustee, along with and mingled with his own funds in a single account, and afterwards the trustee draws checks generally upon said account, it will be presumed, so long as the balance remains equal to or greater than the trust fund, that the checks so drawn were intended to be cashed out of the trustee's individual funds. The presumption being that every man, until the contrary is proved, is deemed to have acted honestly. Brady v. Am. Nat. Bk. of Okla. City, supra."

The difficulty in the case at bar is the application of the rule to the facts. Herein there is no balance remaining intact equal to or greater than the alleged accumulations on the trust fund. The interest, if any was ever paid upon the loan of this money, which in fact, but by error of law, became a part of the permanent school fund has long since lost its identity and has been expended. The interest, if any was ever derived, is not similarly situated with the trust fund itself. The permanent school fund, as the designation indicates, was intended to be permanent. It may not be exhausted for current expense purposes. If funds wrongfully become a part of it, they may rightfully be extracted and recovered, but accruals thereon are expendable and by law they are required to be disbursed. There is no presumption of the existence of the fund which is sought to be secured by warrants to be drawn under authority of the writ issued below.

Motion to dismiss this appeal on the ground that the cause was tried upon an agreed statement of facts and that the motion for new trial being unnecessary did not serve to extend the time in which to give notice of appeal and perfect the same has been denied. There was merit in this motion (Landers v. Bk. of Commerce, 106 Okla. 59, 233 P. 200; Butler v. Archard, Gd'n., 130 Okla. 241, 266 P. 1106), but the fact remains that this lawsuit is publici juris. Moreover, under the agreed fact, the subject-matter of the suit, the interest money sought to be obtained by the writ, does not exist. The trial court was and is without jurisdiction or authority to compel obedience to its judgment, and the writ issued under it. Prohibition would lie to prevent coercion or disturbance of the state financial status. The same result is reached by a conclusion that judgment is reversed with directions to quash the writ and dismiss the proceedings. It is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.

McNEILL, C. J. (concurring.) It is my opinion that the writ of mandamus should be denied for the reason that no interest can be collected against the state in the absence of contract or express statutory provision authorizing the same. See Schlesinger v. State (Wis.) 218 N. W. 440, 57 A. L. R. 352, and cases cited therein.

I am authorized to announce that Mr. Justice PHELPS concurs in this view.