**RIERDON v. REDER, City Treas.**

No. 27299. Dec. 15, 1936.

Rehearing Denied Jan. 5, 1937.

Reuel W. Little, for plaintiff in error.

H. A. Ledbetter, for defendant in error.

CORN, J. This case presents error of the district court of Carter county in sustaining a demurrer to the amended petition of plaintiff on the grounds that same did not state sufficient facts to constitute a cause of action in favor of plaintiff and against the defendant, and that the petition showed upon its face that the cause of action, if any, of plaintiff was barred by the statute of limitations, and for the reason that the petition showed upon its face that there was a want of necessary parties defendant.

The amended petition, which makes the original petition a part thereof, sets forth that plaintiff is a resident of Marshall county, Okla., and defendant is a citizen and resident of Carter county, Okla., and is the duly qualified and acting city treasurer of the city of Ardmore. That on the 6th day of January, 1923, under the provisions of the statutes, the city of Ardmore issued paving bonds in paving district No. 68. That on the 21st day of July, 1923, the city of Ardmore issued paving bonds in paving district No. 70; and that on the 11th day of August, 1923, the city of Ardmore issued paving bonds in paving district No. 74. That on lot 8, block 449, city of Ardmore, in district No. 68, the special assessments for the years 1923, 1924, and 1925, totaling $250.65, were unpaid and that the same were certified by the city clerk of the city of Ardmore to the county treasurer of Carter county on or before the 15th day of September of each year. That on the 2nd day of November, 1925, the county treasurer sold a tax sale certificate for the three years, being No. 772, and that he paid the proceeds of said certificate to the city treasurer of the city of Ardmore. The same allegation is made as to district No. 70, except the taxes totaled $361.11 and it covered lot 4, block 57, of the city of Ardmore, and the number of the tax sale certificate was 782. Also the same allegation in the petition was made as to street improvement district No. 74, except that the amount paid for the certificate was $406.41 and covered lot 4, block 450, and the number of the tax sale certificate was 785.

It is then alleged that all the certificates were purchased by the First Securities Corporation and assigned by it to the plaintiff; and that plaintiff is the holder and owner of said tax sale certificates. It is

stated in each instance that the treasurer sold the certificates on the 2nd day of November, 1925, and that his acts in so doing were unlawful.

. The original petition is made a part of the amended petition. It is alleged in the original petition as well as the amended petition that the tax sale certificates were void for 11 reasons. It is then alleged that the plaintiff brought suit and recovered judgment on the certificates from the board of county commissioners of Carter county for the amount of said certificates with accrued interest. The district court case is the same number as the case herein, being No. 18751, and it is then alleged that upon appeal to the Supreme Court in Board of Com'rs of Carter County v. Rierdon, 172 Okla. 312, 44 P. (2d) 990, an opinion was rendered by this court holding that said certificates were void and illegally issued and the county treasurer had no authority to issue certificates thereon for the reason that same were street improvements and that there was no liability, even though the certificates were void, on Carter county. Reference is then made to the opinion of the Supreme Court and same is copied in full and the final mandate of the court had been returned to the district court of Carter county and spread of record.

It is then alleged that the county treasurer of Carter county paid the money to the city treasurer of the city of Ardmore and same was collected unlawfully and without authority of law, and that the defendant, under the provision of the law and as custodian of the money of the city of Ardmore, held same as a trust fund and same was used to pay interest or bonds; and that by reason of the invalidity of the tax sale certificates and the lack of authority of the county treasurer to issue said tax sale certificates plaintiff was without right to proceed against said land because of the invalidity of said tax sale certificates, and it was the plain, mandatory duty of the defendant, the city treasurer, and the custodian of the fund, to refund and pay back to plaintiff the amount paid into each of said street improvement districts. That if there was not sufficient amount on hand, the incoming revenue in said street improvement districts should be used to pay plaintiff's claim.

It is then alleged that on the 18th day of September, 1935, plaintiff made demand upon the defendant to pay the amounts paid by the plaintiff to the county treasurer of Car-

ter county, Okla., which was in turn paid to said defendant, and sets forth the amount on hand in each of the funds and states that the defendant has refused to pay said amounts or make future payments to plaintiff of amounts received by said districts coming into the hands of the defendant; and it is alleged in the petition that more than one year has not expired since the final mandate of the Supreme Court and the decision in said cause. The ownership of the lots is set forth and it is stated that the special improvement tax should be placed back on the tax rolls and remain a lien upon the property of the record owners of the real estate herein. It is further stated that the owners of the real estate are claiming some right to the taxes being reinstated upon the tax rolls, but that their claim is unfounded and without legal justification.

The petition then prays for a peremptory writ of mandamus compelling the defendant, the city treasurer of the city of Ardmore, to pay all moneys in her hands in said districts to plaintiff, in liquidation of his claim, and if same is insufficient, she shall be required to pay future receipts until said claim is satisfied.

As stated above, the defendant, Doris Reder, city treasurer, filed a demurrer, which was by the court sustained.

The only question in this case is whether or not the court properly sustained the demurrer to plaintiff's petition.

An examination of the petition herein shows that it not only fails to allege the money is being held by said treasurer, but is an admission that she does not retain the same.

In a recent opinion, Commissioners of the Land Office v. Brunson, 175 Okla. 101, 51 P. (2d) 500, this court held in the first paragraph of the syllabus:

"Where accumulations of a trust fund in custody of the state are sought to be recovered in mandamus proceedings, and the existence of such accumulations is denied and the proof and presumptions of law fail to clearly establish the present existence of such accumulations, the writ of mandamus should be denied."

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.