Douglas W. SANDERS and Larry Stuart, Petitioners,

v.

The Honorable Harrell F. FOLLOWELL, Associate District Judge, Sixteenth Judicial District, State of Oklahoma, Respondent.

No. 50481.

Supreme Court of Oklahoma.

July 19, 1977.

Douglas W. Sanders and Larry D. Stuart, pro se.

Larry Derryberry, Atty. Gen. of Oklahoma by Frank Muret, Asst. Atty. Gen., Oklahoma City, for respondent.

Oklahoma Bar Association by John M. Amick, Gen. Counsel, Oklahoma City, Oklahoma Trial Lawyers Assn., Rogers & Bell, by Georgina B. Landman, Tulsa, for amicus curiae.

HODGES, Chief Justice.

This is an application to assume original jurisdiction and petition for writ of mandamus to compel the respondent judge to order payment of statutory attorney fees pursuant to 21 O.S.1976 Supp. § 701.14.[1]

On October 1, 1976, Douglas W. Sanders and Larry Stuart, petitioners, were appointed to represent three defendants charged with first degree murder in District Court of LeFlore County. The trial commenced November 15, 1976, and concluded November 19, 1976, involving 80.25 hours preparation and 65.0 hours trial time. However, after trial, but before sentencing, defendants retained counsel for further representation. At this time, petitioners filed applications with district court for payment of attorney fee of $2,500 for the representation of each defendant.

Petitioners' applications were heard by the trial court on December 17, 1976. The trial court awarded each lawyer $1,000 and held:

". . . the Court . . . must interpret . . . Title 21, Section 701.14 that include(s) the following language, 'provided however that such attorneys shall not be paid a sum to exceed two thousand five hundred dollars in any one case.' The Court interprets that to mean . . . all attorneys involved in any one case regardless of the number of defendants shall not be paid in toto more than twenty-five hundred dollars under this statute . . . Therefore, the Court has determined that one thousand dollars for each attorney for a total of two thousand dollars in this case is adequate under the statute . . ."

■ The determinative issue is whether a total of $2,500 in attorney fees is allowable per styled case, or whether $2,500 is allowable for each defendant represented under 21 O.S.1976 Supp. § 701.14.

We do not agree with the trial court's interpretation of "payment in any one case." Payment "in any one case" does not necessarily mean in one law suit,[2] or that attorney fees are limited to $2,500 where there are multiple defendants. While there may be one information or case number, there are three separate cases contained in each information. Each defendant represents one case, and separate trials could be ordered for each defendant. Each attorney could be appointed to represent one defendant. We should give the language a meaning, if the words will bear it, which carries out the purposes of the statute, even though this is not the meaning of the words

1. It is provided by 21 O.S.1976 Supp. § 701.14:

"In all cases, wherein the defendant is subject to the death penalty triable in the State of Oklahoma, where it is satisfactorily shown to the trial court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid from the State Judicial Fund a reasonable and just compensation to the attorney so assigned for such services as they may render such compensation being allowable in any court of record. Provided, however, that such attorney shall not be paid a sum to exceed Two Thousand Five Hundred Dollars ($2,500) in any one case, the specific amount to be left to the discretion of the trial judge."

2. *United States v. Maryland*, 121 U.S.App.D.C. 258, 349 F.2d 693 (1965).

when considered in isolation.[3] The obvious purpose of the statute is to reduce the economic burden to appointed counsel, thereby ensuring competent counsel in the trial of a case involving capital punishment.[4] We find that the references in 21 O.S.1976 Supp. § 701.14 pertain to each defendant.

■ It is argued that mandamus will not lie to require the trial court to pay up to $2,500 to each of the petitioners. We do not agree. The trial court erroneously interpreted the statute. The amount to be paid in attorney fees is discretionary with the trial court under a proper interpretation of the statute. The matter presented is publici juris, and of immediate concern to the orderly administration of justice. It is a problem which has the potential for repeated recurrence. Any postponement in clarification of the statutory language will only confuse the issue. Under such circumstances, this Court will not be saddled by the usual statutory procedures. The exigency of the situation demands our immediate attention.[5] The construction placed upon the statute by the trial court defeats the avowed legislative intent to provide competent and effective assistance of counsel for indigents accused of capital offenses. We, therefore, assume original jurisdiction and grant the writ of mandamus directing that the trial court award attorney fees under 21 O.S.1976 Supp. § 701.14 in an amount up to $2,500 for each defendant represented based on the trial court's discretion.

LAVENDER, V. C. J., and IRWIN, BARNES and DOOLIN, JJ., concur.

SIMMS, J., concurs in result.

DAVISON, WILLIAMS and BERRY, JJ., dissent.

3. *United States v. Shirley*, 359 U.S. 255, 260–61, 79 S.Ct. 746, 3 L.Ed.2d 789 (1959).

4. The argument is persuasively made that competent counsel must be provided or the death penalty statutes may be unconstitutional.

5. *State of Oklahoma ex rel. Poulos v. State Board of Equalization*, 552 P.2d 1134, 1137 (Okl.1975).