STATE of Oklahoma, ex rel. State
DEPARTMENT OF PUBLIC
WELFARE, Petitioner,

v.

Floyd L. MARTIN, District Judge,
Oklahoma County, State of
Oklahoma, Respondent.

No. 47951.

Supreme Court of Oklahoma.

Oct. 11, 1977.

J. Harry Johnson, Raymond J. Totoro, Oklahoma City, for petitioner.

Lucas & Cate, Norman, for respondent.

WILLIAMS, Justice.

This is an original proceeding brought by the State of Oklahoma, ex rel. Department of Public Welfare, in which this court is asked to assume original jurisdiction and issue a writ of prohibition against the respondent judge, preventing him from exercising further jurisdiction over the petitioner in a certain action now pending in the District Court of Oklahoma County.

The action in the trial court, No. CJ–74–3288, is an action for damages for malpractice against four physicians and "The Hospital of the University of Oklahoma, Known as Children's Memorial Hospital". At the time of the alleged commission of the malpractice, said hospital was operated under the Board of Regents of the University of Oklahoma. In 56 O.S. 1973 Supp., Sec. 337 et seq., the hospital was transferred to the Oklahoma Department of Public Welfare. In 56 O.S. 1973 Supp., Sec. 338, as amended, it was provided that the hospital ". . . shall also be a teaching and training hospital for the University of Oklahoma Medical Center and other health and educational facilities". For convenient reference hereinafter, we shall refer to the petitioner in this court as "State".

In the trial court, State filed a demurrer which in effect pleaded the doctrine of governmental immunity. The demurrer was overruled by the respondent judge in an order in which he specifically held that the defendant hospital ". . . is engaged in a proprietary enterprise and in such capacity it cannot claim governmental immunity".

State then began this original proceeding for a writ of prohibition. Thus, the question sought to be presented by respondents is whether State, in its operation of Childrens Memorial Hospital, is acting in a governmental capacity, in which case the doctrine of governmental immunity is applicable, or whether it is acting in a proprietary capacity, in which case governmental immunity allegedly is not applicable and the State is said to be liable in tort. We regard the matter so sought to be presented as irrelevant here.

Historically, since statehood the common law has prevailed in Oklahoma[1]. A basic principle of the common law is that the government (especially as to alleged torts) is immune to suit.

Since from its inception the doctrine of sovereign immunity has prevailed in Oklahoma in tort cases, *Mills v. Benton*[2], we hold that the operation of the hospital by the Department of Public Welfare is a function of the State, and that the doctrine of governmental immunity is applicable. No contention is here made that State has waived its immunity.

The application to assume original jurisdiction and petition for writ of prohibition are therefore granted, and respondent is directed to desist and refrain from exercising further jurisdiction over the petitioner in cause number CJ–74–3288 in the District Court of Oklahoma County.

LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY and BARNES, JJ., concur.

HODGES, C. J., and SIMMS and DOOLIN, JJ., dissent.

SIMMS, Justice, dissenting.

I respectfully Dissent to the majority opinion for the reasons expressed in my specially concurring opinion in *Schrom v. Oklahoma Industrial Development*, Okl., 536 P.2d 904 (1975).

---

1. 12 O.S. 1971 § 2 is in pertinent part of provision as follows, to-wit: "The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma; . . ."

2. *Mills v. Benton, Director of Dept. of Corrections*, Okl., 568 P.2d 276 (1977); (48 OBJ 1152).