STATE of Oklahoma, ex rel., OKLAHOMA DEPARTMENT OF CORRECTIONS, Petitioner,

v.

The Honorable Lyle BURRIS, District Judge of the Fifteenth Judicial District, Respondent,

and

Edith Mae Arnold, Respondent/Real Party in Interest.

No. 85008.

Supreme Court of Oklahoma.

April 25, 1995.

W.A. Drew Edmondson, Atty. Gen., Julie Jones Corley, Asst. Atty. Gen., for petitioner.

M. Scott Ash, Tulsa, for respondent and real party in interest.

PER CURIAM:

The underlying district court action seeks damages for a personal injury to real party in interest, Edith Mae Arnold, resulting from a fall and tripping over a curb in the parking lot at night while leaving the Jess Dunn Correctional Center after visiting her son, who is incarcerated at that center. The defendant, State of Oklahoma, sought summary judgment which was denied by the respondent judge. The State of Oklahoma brings this original action seeking extraordinary relief in the form of a writ prohibiting respondent judge from proceeding further in that district court action.

The parking lot is owned, operated and maintained by the State of Oklahoma through the Corrections Department. It is located next to the Correctional Center and is for use by visitors to that Correctional Center.

The State seeks absolute immunity from the district court action under the Governmental Tort Claims Act and more particularly, 51 O.S.1991 § 155(23). It provides:

"The State, or any political subdivision, ... shall not be liable if a loss of claim results from: ...

"23. Provision, equipping, operation or maintenance of any prison, jail or correctional facility ..."

*Medina v. State*, Okl., 871 P.2d 1379 (1993), held the words "provision," "equipping," "operation," and "maintenance," in § 155(23) were assigned their ordinary meaning.

We find the operation, or maintenance, or equipping by the State of a parking lot to be sued by visitors to a prison, jail or correctional facility is within the ordinary meaning contained in § 155(23). There is no liability

to Edith Mae Arnold by the State of Oklahoma.

Let the writ issue prohibiting the respondent judge from proceeding in the underlying district court action against the State of Oklahoma.

All the Justices concur.