OSCN Found Document:CATHEY v. BOARD OF COUNTY COMMISSIONERS FOR MCCURTAIN COUNTY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CATHEY v. BOARD OF COUNTY COMMISSIONERS FOR MCCURTAIN COUNTY
2023 OK 108
Case Number: 121465
Decided: 11/14/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 108, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

MICHAEL W. CATHEY, and VONDEROSA PROPERTIES, LLC, Plaintiffs/Appellants,
v,
THE BOARD OF COUNTY COMMISSIONERS FOR MCCURTAIN COUNTY, OKLAHOMA, Defendant/Appellee,
and
MCCURTAIN MEMORIAL MEDICAL MANAGEMENT, INC., d/b/a MCCURTAIN MEMORIAL HOSPITAL, Intervenor/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF MCCURTAIN COUNTY,
STATE OF OKLAHOMA
HONORABLE EMILY MAXWELL, DISTRICT JUDGE

¶0 Plaintiffs/Appellants Michael W. Cathey and Vonderosa Properties, LLC (collectively "Vonderosa") filed suit seeking declaratory relief against Defendant/Appellee Board of County Commissioners for McCurtain County (Board) and moved for a temporary injunction to restrain and enjoin the Board from enforcing and collecting a lodging tax increase passed at a special election held in McCurtain County on November 8, 2022, in conjunction with the general election. The district court denied Vonderosa's request for a temporary injunction and Vonderosa appealed, seeking emergency relief from this Court in Case No. 121,155. On March 28, 2023, this Court entered an Order temporarily enjoining enforcement of the 2% increase to the lodging tax until the special election is fully and finally litigated. This Court expressed no opinion concerning the validity of the special election in its emergency Order. While Appellee's petition for rehearing was still pending before this Court in Case No. 121,155 and before the mandate issued, the district court granted Appellee/Intervenor's Motion for Summary Judgment and held the special election was valid. We hold that under the facts of this specific case the district court was without jurisdiction to enter summary judgment for Appellee while the appeal was pending in this Court and before mandate had issued. The District Court's Order of June 20, 2023 is void for lack of jurisdiction and said Order is vacated. The case is remanded to the district court with instructions.

JUDGMENT OF THE DISTRICT COURT IS VACATED, 
AND REMANDED WITH INSTRUCTIONS.

Jana L. Knott, Bass Law, Oklahoma City, Oklahoma, and Lysbeth George, Liz George and Associates, Oklahoma City, Oklahoma, for Appellants.

David Floyd, Floyd & Driver, PLLC, Norman, Oklahoma, and Mark Matloff, McCurtain County District Attorney, McCurtain County, Oklahoma, for Appellee.

Harvey D. Ellis, Jr., Lauren E. Kiefner, Crowe & Dunlevy, Oklahoma City, Oklahoma, and J. Christopher Davis, Becky Allen, Crowe & Dunlevy, Tulsa, Oklahoma, for Intervenor/Appellee.

KANE, C.J.:

¶1 This case concerns a special election held in McCurtain County on November 8, 2022, in conjunction with a general election wherein the Board of County Commissioners of McCurtain County set forth a Proposition to the voters to increase the county lodging tax by 2% for the purpose of building a new hospital in McCurtain County. On appeal, the parties argue whether the notice requirements for publication of the Proposition were properly published as required by Oklahoma law. However, before we can reach the merits raised by the parties on appeal, we must first address our jurisdiction and the district court's jurisdiction (or lack thereof) in this case. Specifically, on March 28, 2023, this Court entered an Order enjoining the lodging tax at issue until the validity of the special election is fully and finally litigated in Case No. 121,155. See Order dated March 28, 2023. Despite this Order and without waiting for the disposition of the same, the District Court of McCurtain County (District Court) granted summary judgment to Appellee on June 20, 2023 in the case below (Case No. CV-2023-26), finding the special election was valid and that the increased lodging tax was enforceable. See Order dated June 20, 2023. The District Court's Journal Entry of Judgment was entered before the petition for rehearing was adjudicated and before mandate was issued in Case No. 121,155. Thus, the question becomes whether the District Court had jurisdiction to enter summary judgment or whether it was divested of jurisdiction once the appeal was pending before this Court.

PARTIES 

¶2 Plaintiffs/Appellants Vonderosa Properties, LLC and Michael Cathey (collectively "Vonderosa") own real property within Hochatown, McCurtain County, Oklahoma, which property is operated as rental property and thereby subject to McCurtain County lodging taxes, which is the subject of this lawsuit. As the owner(s) of the rental property, Vonderosa is required to collect and remit the lodging tax.

¶3 Defendant/Appellee, the Board of County Commissioners for McCurtain County (Board), is the governmental body that adopted the resolution calling for the special election regarding the lodging tax increase.

¶4 Intervenor/Appellee, McCurtain Memorial Medical Management, Inc. d/b/a McCurtain Memorial Hospital (Hospital), is the intended recipient of the increased lodging tax should the Proposition be found valid and enforceable on appeal. The Hospital filed an Emergency Motion to Intervene as a Third-Party Plaintiff in the underlying case on February 23, 2023. The Board filed a motion to consolidate the two cases; which the district court ultimately consolidated.

BACKGROUND FACTS

¶5 The existing county lodging tax in McCurtain County, Oklahoma is 3%.

¶6 In 2020, the Board attempted to pass a lodging tax increase for the purpose of raising funds to build a new hospital in McCurtain County.

¶7 Although the Proposition passed, the Board failed to publish notice of the special election for four weeks in a newspaper in McCurtain County as is required by statute. See 19 O.S. § 383.[1]

PROCEDURAL HISTORY

¶8 On February 16, 2023, Plaintiffs/Appellants Michael W. Cathey and Vonderosa Properties, LLC filed suit seeking declaratory relief against Defendant/Appellee Board of County Commissioners for McCurtain County and moved for a temporary injunction to restrain and enjoin the Board from enforcing and collecting a lodging tax increase passed at a special election held in McCurtain County on November 8, 2022, in conjunction with the general election.

¶9 The District Court in McCurtain County held a hearing on Vonderosa's Motion for Temporary Injunction on March 8, 2023, wherein the Chairman of the Board testified the Board did not publish notice as required by statute. The Chairman testified he was not even aware of the statutory publication requirements until Vonderosa filed the present lawsuit. It is undisputed that no attempt was made by the Board to follow the mandatory statutory directive regarding publication of notice of the special election as set forth in 19 O.S. § 383.

¶10 On March 13, 2023, the district court denied Vonderosa's request for a temporary injunction, and Vonderosa appealed, seeking emergency relief from this Court in Case No. 121,155. Hospital filed an emergency motion to intervene, as the recipient of the increased lodging tax and the Board filed a motion to consolidate the two cases (requesting consolidation of Case No. CV-2023-26 with Case No. CJ-2023-18). The district court granted the motion to consolidate.

¶11 On March 21, 2023, the Clerk of the Appellate Courts filed his Certificate of Appeal in the Court Clerk's Office in McCurtain County certifying that on March 16, 2023, a Petition in Error was filed in the Supreme Court of the State of Oklahoma, in Cathey v. Board of County Commissions for McCurtain County, Lower Court No. CV-2023-26, certifying that said case was duly entered on the docket, numbered IN-121155. The Designation of Record for Appeal was filed in the district court on March 21, 2023.

¶12 Both Hospital and the Board filed responses in opposition to Vonderosa's Emergency Motion for Relief on March 21, 2023. After oral presentation was held, this Court entered judgment as to the emergency relief in Case No. 121,155 on March 28, 2023, as follows:

Plaintiffs/Appellants Michael W. Cathey and Vonderosa Properties, LLC's Emergency Motion for Relief is granted. Title 12 O.S. 2021 § 990.4(C); Okla. Coalition for Reproductive Justice v. Cline, 2014 OK 91, ¶ 1, 339 P.3d 887.

Upon consideration of Appellants' motion, and pursuant to the authority provided by Article 7, section 4, of the Oklahoma Constitution, this Court temporarily enjoins enforcement of the 2% increase to the lodging tax in McCurtain County approved by voters in the special election held on November 8, 2022.

The injunction shall remain in place until the validity of the special election is fully and finally litigated. See Cline, 2014 OK 91, at ¶ 1. This Court expresses no opinion concerning the validity of the special election.

See Order dated March 28, 2023, Case No. 121,155.

¶13 On April 12, 2023, Hospital filed its petition for rehearing in Case No. 121,155.

¶14 Meanwhile, in this underlying case (CV-2023-26), Hospital filed a motion for leave to file a third-party petition and a request for expedited briefing schedule in the district court, which the district court granted on April 24, 2023.

¶15 Thereafter, the parties entered into an agreed amended scheduling order in the district court on April 28, 2023, which set a dispositive motions deadline of May 10, 2023. The district court then issued its order for mediation providing a mediation deadline of June 7, 2023.

¶16 On May 10, 2023, Hospital filed its Amended Motion for Summary Judgment. On May 11, 2023, Vonderosa filed its Motion for Summary Judgment, as well as its Response to Hospital's Motion for Leave to file Third-Party Petition.

¶17 On May 23, 2023, McCurtain County Memorial Hospital filed its Reply Supporting its Motion for Leave to file Third-Party Petition and its Response to Plaintiffs' Motion for Summary Judgment and Brief in Support. On May 25, 2023, the Board filed its Response in Objection to Plaintiffs' Motion for Summary Judgment and Vonderosa filed its Response to Hospital's Motion for Summary Judgment.

¶18 On May 31, 2023, Hospital filed its Reply in Support of Amended Motion for Summary Judgment. Vonderosa then filed its Combined Reply in Support of Plaintiffs' Motion for Summary Judgment on May 31, 2023, to address both the response filed by Hospital and the response filed by the Board on May 25, 2023.

¶19 The District Court then entered its Journal Entry of Judgment on June 20, 2023, granting Hospital's Motion for Summary Judgment and finding the Proposition (held in McCurtain County on November 8, 2022 concerning the two percent (2%) lodging tax increase) valid, approved by the electorate, and upheld by the court. It is from this Order granting summary judgment that Vonderosa appeals to this Court in Case No. 121,465.

¶20 However, after summary judgment was granted, this Court denied Hospital's petition for rehearing on June 26, 2023 in Case No. 121,155. Likewise, after the summary judgment Order was entered on June 20, 2023, mandate was issued on September 13, 2023 in Case No. 121,155.

Under the Facts of this Case the District Court Does Not Have 
Jurisdiction Until Mandate Issues from the Supreme Court

¶21 This Court has "recognized . . . the long standing rule that while an appeal is pending in the appellate courts, the district court is without jurisdiction to make any order materially affecting the rights of the parties to that appeal." Daniel v. Daniel, 2001 OK 117, ¶ 11, 42 P.3d 863, 867. Any such order issued contrary to this rule is "void." Id. Said another away, absent compliance with limited exceptions regarding correcting, modifying or vacating judgments found at 12 O.S. § 1031.1[2] if the trial court exercises its jurisdiction within 30 days, "the trial court loses its jurisdiction to make any order that pertains to the same issues on appeal." Id.

¶22 The Oklahoma Supreme Court Rules provide further guidance and authorize the Chief Justice of the Supreme Court to issue mandate to the lower court upon the conclusion of the matter on appeal.[3] The mandate from the Supreme Court is an order requiring the lower tribunal to comply with an appellate opinion and it carries with it the authority for the trial court to proceed. See Daniel, 2001 OK 117, ¶ 12, 42 P.3d at 868. Importantly, "[w]hen a cause is pending on appeal, a district court's exercise of judicial power with respect to issues which are tendered for review in the appellate forum is ineffectual if it occurs before the mandate has been transmitted to revest the trial court with subject matter jurisdiction." Id. ¶ 12, at 868 (emphasis added).

¶23 Under the unique facts of this case, it is clear that the District Court did not have jurisdiction on June 20, 2023, to enter summary judgment for Hospital and to hold that the special election was valid, and that the increased lodging tax was enforceable. While Hospital's petition for rehearing in Case No. 121,155 was filed on April 12, 2023 before summary judgment was granted, the District Court's Journal Entry of Judgment was entered before the petition for rehearing was adjudicated in this Court and before mandate was issued by this Court in Case No. 121,155. As such, the District Court was divested of jurisdiction and its June 20, 2023 Order is void. See Daniel, 2001 OK 117, at ¶¶ 11-12, 42 P.3d at 867-68. When the District Court issued its Summary Judgment Order of June 20, 2023, this Court had exclusive jurisdiction over the appeal as to "any orders materially affecting the rights of the parties to that appeal" and any attempt to immediately enforce the district court's order would be an impermissible superceding of this Court's rules in violation of Okla. Const. art. 7 §§ 4 and 6.[4] See Daniel, 2001 OK 117, ¶ 11, 42 P.3d at 867. However, this does not mean that the District Court loses jurisdiction indefinitely. In this case, mandate was issued on September 13, 2023, thus returning jurisdiction to the District Court.

CONCLUSION

¶24 There is no authority provided by statute or by the rules and practices of this Court which would allow the district court to supercede our rules. The district court did not have jurisdiction to enter summary judgment until the issuance of the mandate. The District Court's Order of June 20, 2023 is vacated, and the cause is remanded with instructions.

ORDER OF THE DISTRICT COURT IS VACATED, 
AND REMANDED WITH INSTRUCTIONS.

CONCUR: Kane, C.J., Rowe, V.C.J., Edmondson, Gurich, Darby, and Kuehn, JJ.

DISSENT: Kauger, Winchester, and Combs, JJ.

FOOTNOTES

[1] 19 O.S. § 383 provides:

The mode of submitting questions to the people contemplated by the last two sections shall be the following: The whole question, including the sum desired to be raised, the amount of tax desired to be authorized, the rate per annum, and the whole regulation, including the time of its taking effect or having operation, if it be of a nature which can be set forth, and the penalty of its violation if there be one, is to be published at least four (4) weeks in some newspaper published in the county. If there be no such newspaper, the publication is to be made by posting up in at least one of the most public places in each election precinct in the county; and in all cases the notices shall name the time when such question will be voted upon, and the form in which the question shall be taken, and a copy of the question submitted shall be posted up at each place of voting during the day of election.

[2] 12 O.S.2021 § 1031.1 provides:

A court may correct, open, modify or vacate a judgment, decree, or appealable order on its own initiative not later than thirty (30) days after the judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk. Notice of the court's action shall be given as directed by the court to all affected parties . . .

[3] Rule 1.16, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch.15, App. 1 provides in pertinent part:

In every appeal or petition to review any order of a district court or other tribunal, a mandate will be issued to the lower court or tribunal on order of the Chief Justice upon conclusion of the matter on appeal. The mandate may be issued seven (7) days after the filing of an order denying certiorari or rehearing in the Supreme Court, or immediately upon expiration of time to file a petition for writ of certiorari or petition for rehearing, and disposition of any timely filed post-decisional motion. No mandate is issued upon conclusion of original actions, questions certified by federal courts, bar disciplinary matters, or original proceedings on initiative or referendum petitions . . .

[4] Okla. Const. art. XII, § 4 provides in pertinent part:

The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law. The Supreme Court, Court of Criminal Appeals in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute . . . . The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law.

Okla. Const. art. VII, § 6 provides in pertinent part:

Except with reference to the Senate sitting as a Court of Impeachment and the Court on the Judiciary, general administrative authority over all courts in this State . . . is hereby vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules . . . .

Okla. Const. art. VII. § 1 provides in pertinent part:

The judicial power of this State shall be vested in the Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute . . .

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 117, 42 P.3d 863, 72 OBJ 3708, 
DANIEL v. DANIEL
Discussed at Length

 
2014 OK 91, 339 P.3d 887, 
OKLAHOMA COALITION FOR REPRODUCTIVE JUSTICE v. CLINE
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 990.4, 
Stay of Enforcement of Judgment, Decree, or Final Order
Cited

 
12 O.S. 1031.1, 
Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Discussed

Title 19. Counties and County Officers

 
Cite
Name
Level

 
19 O.S. 383, 
Mode of Submitting Questions to People Contemplated by the Last Two Sections
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA