## WEBBER et al. v. STATE.

No. 15721—Opinion Filed Sept. 15, 1925.

### 1. Indictment and Information—Necessity.

No original prosecution can be instituted in a court of record in this state except by presentment of indictment by a grand jury, or by an information exhibited by the county attorney or some other officer thereto authorized by law.

### 2. Bail—Forfeiture of Bond—Invalidity.

Where the defendant is arraigned in the county court on a complaint and pleads not guilty, and executes a bond for his appearance in the county court in response to such complaint, and thereafter at a subsequent term of the court the county attorney files an information charging the defendant with the commission of a misdemeanor, and the case is set and called for trial, and the bond given in response to the complaint filed is forfeited in the absence of the issuing of a warrant, or of any legal notice being served upon the defendant of the filing of the information, and the setting of the case for trial, the forfeiture so taken is void.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Payne County; Brown Moore, Judge.

Action by the State of Oklahoma against William F. Webber et al. Judgment for the plaintiff, and defendants bring error. Reversed and remanded.

Wilcox & Swank, for plaintiff in error.

Opinion by JONES, C. This is an appeal from the judgment of the county court of Payne county, Okla., wherein a forfeiture was declared on a bond given by the appellant, because of the failure of the principal in said bond, William F. Webber, to appear in said court for trial on a charge of drunkenness. It appears from the record that the defendant Webber was arrested on a warrant issued out of county court of Payne county on June 13, 1923. The warrant was issued by reason of a complaint filed and subscribed to by Arch C. Flood, charging the defendant with the offense of drunkenness on the 4th day of June, 1923. On the 14th day of June, the day following his arrest, Webber appeared in court and executed a bond in the sum of $500, with certain sureties, who appear here as appellants.

It seems that the original complaint made was lost, and on the 15th day of October, 1923, a substituted complaint was duly executed by the said Arch C. Flood and filed by the clerk of the county court of Payne county and on December 13, 1923, there was an information executed which was filed on December 27, 1923, executed by Arch C. Flood, county attorney of Payne county, subscribed by J. W. Reese, county attorney, and sworn to or verified by Arch C. Flood. On the 8th day of January, 1924, counsel for the defendant Webber appeared and filed and presented motion to transfer the case to the Cushing docket, where terms of the county court were duly authorized and held, which motion was denied and on the same day he filed and presented motion to dismiss the case for the reason that two terms of the county court had passed and the case had never been placed on the docket for trial, and this motion likewise was overruled, and the case was called for trial on the information filed by the county attorney on December 27, 1923; and the defendant Webber failing to appear, his bond was forfeited, and thereafter during the same term of court, motion was duly filed to vacate the order and judgment of forfeiture, which was also overruled and from which judgment this appeal is prosecuted.

For a reversal of this judgment the appellants rely on section 17, art. 2, of the Constitution:

"No person shall be prosecuted criminally in courts of record for a felony or misdemeanor otherwise than by presentment of indictment or by information"

—and section 2338, Comp. St. 1921, following the constitutional provisions; and in the case of Evans v. Willis, County Judge, 22 Okla. 310, 97 Pac. 1047, this court announces the following rule in the first paragraph of the syllabus:

"No original prosecution can be instituted in a court of record in this state except by presentment of indictment by a grand jury, or by an information exhibited by the county attorney or some other officer thereto authorized by law."

In the instant case, no preliminary or examining trial was had, and under the law none was necessary at the time the defendant Webber appeared, who entered a plea of not guilty, and was discharged on the bond here involved. The offense charged in the complaint and information is a misdemeanor, and we take it there could be no question but that this was an original prosecution, and the only document or instrument before the court at the time the defendant appeared and was required to give bond was the complaint filed by Arch C. Flood, and there is nothing contained in the complaint to indicate in what capacity the said Flood was acting. In the information filed, he denominates himself county attorney; however, the information is subscribed by J. W. Reese, county attorney, but whether Flood was acting in the capacity of assistant county attorney or not, we think is immaterial, for the reason that under the Constitution and statutes and the opinion heretofore cited, no original prosecution can be instituted in courts of record on complaint; hence the county court, which is a court of record, acquired no jurisdiction of the defendant, and no right to try the offense charged by reason of the filing of the complaint by Mr. Flood, and had no jurisdiction to require or accept the bond given, and hence the bond was null and void. No jurisdiction in this case was acquired by the county court until the filing of the information by the county attorney on December 27, 1923, about ten days before the forfeiture was declared, and no warrant was issued, and so far as the record discloses, no notice of any character was given to Webber. This, we think, renders the judgment of the county court void, and justifies this court in relieving the defendant and his bondsmen of the judgment of forfeiture taken on the bond, which appears to have been very excessive, even though the court had jurisdiction, and contrary to the spirit of the Eighth Amendment of the Constitution

of the United States, which provides that excessive bonds shall not be required, and while there is some conflict of authority as to whether or not the provisions of the Constitution of the United States apply to state courts, it should at least be persuasive and sufficient to call the attention of examining magistrates and state courts in setting bail to stay within just limitations and require bail commensurate with the offense with which the defendant is charged. From our viewpoint, a bond of $500 should never be required on a simple charge of drunkenness in the absence of aggravating circumstances, and we recommend that the judgment be reversed and remanded to the trial court, with directions to sustain the motion to vacate filed and presented by the appellants.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 559, § 2. (2) 6 C. J. p. 1046, § 318 (Anno).