OSCN Found Document:LAWSON v. LeFLORE CO. DETENTION CENTER PUBLIC TRUST SECURITY COMM.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LAWSON v. LeFLORE CO. DETENTION CENTER PUBLIC TRUST SECURITY COMM.
2025 OK 87
Case Number: 122806
Decided: 11/25/2025
Correction Order: 12/8/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 87, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JAMES LAWSON, Plaintiff/Appellant,
v.
LeFLORE COUNTY DETENTION CENTER PUBLIC TRUST SECURITY COMMISSION, Defendant/Appellee.

 

APPEAL FROM THE DISTRICT COURT OF LeFLORE COUNTY
OKLAHOMA, HONORABLE JONATHAN SULLIVAN

¶0 The trial court granted Defendant's Motion for Summary Judgment, concluding that a jail trust formed pursuant to 60 O.S.2022, § 176et seq. and 19 O.S.2022, §§ 904.251 O.S.2022, § 24A.351 O.S.2022, § 24A.8

PREVIOUSLY RETAINED ON THIS COURT'S OWN MOTION;
SUMMARY JUDGMENT OF THE TRIAL COURT REVERSED;
REMANDED FOR FURTHER PROCEEDINGS.

Lysbeth George and Jennifer E. Jackson, LIZ GEORGE & ASSOCIATES, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Howard T. Morrow and Jordan L. Miller, COLLINS, ZORN & WAGNER, P.L.L.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

COMBS, J.:

¶1 The trial court plaintiff, James Lawson (Lawson), appeals the grant of summary judgment to the trial court defendant, LeFlore County Detention Center Public Trust (Jail Trust).

I. FACTS AND PROCEDURAL HISTORY

¶2 Lawson, is a bail bondsman and owner of Lawson Bail Bonds. On August 7, 2023, Lawson's ex-wife, Amber Lawson, went to the LeFlore County Detention Center (jail), which is under the control of Jail Trust. She went to the jail to bond out two inmates. The procedure was allegedly taking an unusually long time to execute and she asked the jailer why it was taking so long. The jailer allegedly yelled at her and cursed at her. She phoned Lawson who heard yelling over the phone. The inmates were then released about 15 to 20 minutes later.

¶3 On August 8, 2023, Lawson requested specific public records from the Jail Trust pursuant to the Oklahoma Open Records Act (ORA), 51 O.S.2022, §§ 24A.1et seq. He requested:

1. All audio and video footage pertaining to the bonding and release of Donald Robinson and Kevin Wiley on the date August 7, 2023, during the time frame 4:15 pm to 6:45 pm. Please also include all communication within the same specified time frame including but not limited to emails, text messages, or written correspondence, involving Amber Lawson, James Lawson or Lawson Bail Bonds.

2. A copy of the LeFlore County Detention Center policies and procedures.

3. The names of all employees working at the LeFlore County Detention Center during the specified time frame.

On August 28, 2023, a lawyer representing Lawson Bail Bonds sent a follow-up letter noting her client had not received a response from the Jail Trust and setting a deadline of September 1, 2023, for the Jail Trust to make such records available.

¶4 The Jail Trust responded to the request by letter dated September 6, 2023. The letter indicates the Jail Trust contacted Lawson on September 1, 2023, to acknowledge the records request. The letter states a review of the August 8, 2023, request was undertaken to determine what records existed and what records are subject to release under the ORA. It then informed Lawson that not all "law enforcement records" are available under the ORA, citing 51 O.S.2022, § 24A.8

¶5 On September 22, 2023, Lawson filed a Petition for Declaratory and Injunctive Relief for Violation of the Oklahoma Open Records Act and Writ of Mandamus in the District Court for LeFlore County. Lawson asserted the Jail Trust is a "public body" as defined under the ORA and the requested records are "records" as defined under the ORA. He further alleged the Jail Trust is not a "law enforcement agency" as defined in the ORA, that the disclosures and exceptions applicable to law enforcement agencies in section 24A.8 do not apply, and that the Jail Trust, therefore, wrongly refused a valid ORA request to make such records available. The Jail Trust answered, stating it was a public body but that it fell under the definition of "law enforcement agency" and that disclosure of requested information was therefore not mandatory but instead discretionary under the ORA. It based its claim at least partly on the fact that a county jail operated by a public trust has the same duties as a jail operated by the county sheriff.

¶6 Both parties filed motions for summary judgment and responses. Both sides claimed there were no genuine issues of material fact that would prevent summary judgment. Lawson alleged it is undisputed that the Jail Trust denied his legitimate records request under the ORA and, therefore, summary judgment should be awarded to him. The Jail Trust claimed it had discretion as a law enforcement agency under the ORA to decide whether to release the requested records that existed; therefore, it did not violate the ORA by denying the request for such records.

¶7 On December 4, 2024, the district court held a hearing on the competing motions. A Journal Entry of Judgment was filed on December 19, 2024, granting Jail Trust's motion for summary judgment. Lawson timely appealed on January 17, 2025. Lawson raises four issues on appeal: (1) whether the trial court erred in determining the Jail Trust is a "law enforcement agency" under the ORA; (2) whether the trial court erred in determining that the Jail Trust qualifies as a "public body charged with enforcing state or local criminal law and initiating criminal prosecutions" under 51 O.S.2022, § 24A.3

¶8 On January 31, 2025, this Court retained the matter on its own motion to address, as a matter of first impression, whether the Jail Trust qualifies as a "[l]aw enforcement agency" under the ORA as defined at 51 O.S.2022, § 24A.3

II. STANDARD OF REVIEW

¶9 While summary judgment proceedings require the trial court to examine factual matters, the trial court's role is limited to determining whether any genuine issues of material fact exist and, ultimately, whether a party is entitled to judgment as a matter of law. Carmichael v. Beller, 1996 OK 48914 P.2d 1051id., and we review it de novo to determine whether the trial court properly granted summary judgment, Citizens Against Taxpayer Abuse, Inc. v. City of Oklahoma City, 2003 OK 6573 P.3d 871de novo review, the court exercises plenary, independent, and nondeferential authority. Id. Thus, on appeal the reviewing court independently examines the pleadings and evidentiary materials using the same standard the trial court applied. Carmichael, 1996 OK 48de novo on appeal. Fulsom v. Fulsom, 2003 OK 9681 P.3d 652

III. ANALYSIS

A. History and Purpose of the ORA

¶10 The Oklahoma Legislature enacted the ORA in 1985. See Citizens Against Taxpayer Abuse, Inc., 2003 OK 6551 O.S.2022, § 24A.2Okla. Pub. Emps. Ass'n v. State ex rel. Okla. Office of Personnel Mgmt., 2011 OK 68267 P.3d 838Id. Transparency serves as a fundamental check against secrecy in the political process and ensures democratic oversight of those in power. Id.

¶11 When an open record request is made, the record should be made available pursuant to the ORA unless an exemption applies. If denied, the burden is on the government entity denying the request to substantiate the denial under the ORA: "Unless a record falls within a statutorily prescribed exemption in the Act, the record must be made available for public inspection. The public body urging an exemption has the burden to establish the applicability of such exemption." Citizens Against Taxpayer Abuse, Inc., 2003 OK 65see also Okla. Ass'n of Broad., Inc. v. City of Norman, 2016 OK 119390 P.3d 689

B. Text of the ORA

¶12 Resolution of the issue turns on construction of the term "law enforcement agency" defined in the ORA. When a statute contains a definition, it is binding on the courts. McClure v. ConocoPhillips Co, 2006 OK 42142 P.3d 390World Pub. Co. v. White, 2001 OK 4832 P.3d 83551 O.S. 2022, § 24A.3

5. "Law enforcement agency" means any public body charged with enforcing state or local criminal laws and initiating criminal prosecutions including, but not limited to, police departments, county sheriffs, the Department of Public Safety, the Oklahoma State Bureau of Narcotics and Dangerous Drug Control, the Alcoholic Beverage Laws Enforcement Commission, and the Oklahoma State Bureau of Investigation." This term includes a definition and a non-exclusive list of entities that qualify as law enforcement agencies.

(Emphasis added). There are three critical components to the definition of "law enforcement agency": (1) "public body," (2) "enforcing state or local criminal laws," and (3) "initiating criminal prosecutions." Additionally, there is a non-exclusive list of entities that the Legislature has included as examples of "law enforcement agenc[ies]."

¶13 The interpretation of a statute begins with its plain language. "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained [in Title 25 of the Oklahoma Statutes] are to be understood as thus explained." 25 O.S.2022, § 1Neer v. State ex rel. Okla. Tax Comm'n, 1999 OK 41982 P.2d 1071Ford v. Okla. Tax Comm'n, 1955 OK 168285 P.2d 436Am. Airlines, Inc. v. State ex rel. Okla. Tax Comm'n, 2014 OK 95341 P.3d 56Sanders v. Turn Key Health Clinics, 2025 OK 19566 P.3d 591In re J.L.M., 2005 OK 15109 P.3d 336

¶14 The Jail Trust does not argue that the term "law enforcement agency" is ambiguous, nor does it attempt to explain how it might be. If the Jail Trust qualifies as a "law enforcement agency" under the ORA, section 24A.8 applies, which limits the records accessible to the public. Section 24A.8, subsection A sets out mandatory records that "law enforcement agencies shall make available for public inspection and copying, if kept." Section 24A.8, subsection B goes on to give law enforcement agencies discretion in releasing records except in certain circumstances where a court makes a finding "that the public interest or the interest of an individual outweighs the reason for the denial." 51 O.S.2022, § 21A.8(B)(1). If Jail Trust does not qualify as a "law enforcement agency," the Jail Trust will be responsible for providing records under the provisions applicable to "public bod[ies]" in general. See id. § 24A.5. Jail Trust asserts that the Legislature unambiguously intended for jail trusts to be included in the definition of "law enforcement agency" because "police departments" and "county sheriffs" are included in the list of entities.

¶15 We agree with Jail Trust that the term "law enforcement agency" is unambiguous. The term is defined by the Legislature and must be applied as written, without applying canons of construction. Yocum v. Greenbriar Nursing Home, 2005 OK 27130 P.3d 21351 O.S.2022, § 24A.851 O.S.2022, § 24A.3

1. Public Body

¶16 The first critical component of the definition of "law enforcement agency" found in the ORA concerns "public body." That term is defined in subsection 2 of the "Definition" provision of the ORA.

2. "Public body" shall include, but not be limited to, any office department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof. . . .

51 O.S.2022, § 24A.360 O.S.2022, §§ 176et seq. Section 176(A) authorizes the creation of an express trust for the benefit of a county, provided it serves a lawful and proper public function or purpose of the county. An express trust may be created to operate a county jail facility. 60 O.S.2022, § 176See 57 O.S.2022, § 41

2. Charged with Enforcing State or Local Criminal Laws

¶17 Next, we consider whether the Jail Trust is "charged with enforcing state or local criminal laws." Public trusts are presumed to "[e]xist for the public benefit; . . . [e]xist as a legal entity separate and distinct from the settlor and from the governmental entity that is its beneficiary; and . . . [a]ct on behalf and in furtherance of a public function . . . for which it [was] created. . . ." 60 O.S.2022, § 176.1

¶18 "Charged with" is derived from the passive form of "charge with." "Charge" means "[t]o impose a burden, duty, obligation, or lien." CHARGE, Black's Law Dictionary 211 (5th ed. 1979). "Enforcing" is the gerund form of "enforce," defined as "[t]o put into execution; to cause to take effect; to make effective; as, to enforce a particular law, a writ, a judgment, or the collection of a debt or fine; to compel obedience to." ENFORCE, Black's Law Dictionary 474 (5th ed. 1979). The language implies acting to ensure law is followed and violations are addressed. Also plainly stated, "state law" and "local law" are defined, respectively, as "laws of a state . . . , all as distinguished from Federal law which is the supreme law of the land under Art. VI of the U.S. Constitution," STATE LAW, Black's Law Dictionary 1408 (6th ed.), and "one which operates over a particular locality instead of over the whole territory of the state," LOCAL LAW, Black's Law Dictionary 846 (5th ed. 1979). When used as an adjective, "criminal" means "that which pertains to or is connected with the law of crimes, or the administration of penal justice, or which relates to or has the character of crime." CRIMINAL, Black's Law Dictionary 336 (5th ed. 1979). That said, under the ORA, a law enforcement agency "charged with enforcing state or local criminal laws" is one that is responsible for applying or compelling compliance with laws proscribing crimes defined in the state statutes and regulations or in local ordinances.

¶19 The non-exclusive list of entities in the definition of "law enforcement agency" includes police departments, county sheriffs, the Department of Public Safety (DPS), the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control (OBNDDC), the Alcoholic Beverage Laws Enforcement Commission (ABLE), and the Oklahoma State Bureau of Investigation (OSBI).

¶20 The argument was made below that the Jail Trust should be considered a "law enforcement agency" like a county sheriff because the Jail Trust operates the county jail, which by statute is the responsibility of the county sheriff. See 19 O.S.2022, § 513

The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable.

That statute dates back to statehood, see O.S.1910, § 1698, well before jail trusts were created in 1994. See Act of May 25, 1994, ch. 237, §§ 1--10, 1994 Okla. Sess. Laws 791, 791--95 (codified at 19 O.S.Supp.1994, §§ 904.157 O.S.2022, § 47The sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein . . . ." (emphasis added)). Counties have the authority to enter into contracts with private entities when necessary to carry out their corporate or administrative functions on matters of county concern, including operating jail facilities. 19 O.S.2022, § 1see also 57 O.S.2022, § 41See 19 O.S.2022, § 513.2 a jail on the public trust operates to confer any peace-officer status on the trust. See id. § 513.2(D).

¶21 Notably, each of the enumerated examples in the definition have peace officer or agents while the jail trust is specifically excluded. Id. § 513.2(D). By statute, "[t]he term 'peace officer' means any sheriff, police officer, federal law enforcement officer, tribal law enforcement officer, or any other law enforcement officer whose duty it is to enforce and preserve the public peace." 21 O.S.2022, § 99Id. § 99a(A). This includes the ability to arrest a person without a warrant. 22 O.S.2022, § 196

¶22 The Jail Trust is not "charged with enforcing state or local criminal laws." The Jail Trust is a creature of 19 O.S.2022, §§ 904.160 O.S.2022, § 176 See Question Submitted by Hon. Charlie Laster, State Sen., Dist. No. 18, 2004 OK AG 17Commentaries *334)). At common law the jailer was a servant of the sheriff. 1 William Blackstone, Commentaries *334. A jailer was responsible for safely keeping people who were committed to him by lawful warrant, but the sheriff was the only one answerable to the king and his people. Id. Insofar as the Jail Trust merely houses and guards the criminal detainees and convicts, it has been charged with only one of the sheriff's duties other than enforcing state and local criminal laws. Thus, the Jail Trust does not meet this second part of the definition of a "law enforcement agency," and it was error for the district court to find otherwise and enter summary judgment on the Jail Trust's behalf.

3. Charged with Initiating Criminal Prosecutions

¶23 The other requirement for classification as a "law enforcement agency" is that the public body be "charged with . . . initiating criminal prosecutions." "Initiating" is the gerund form of the verb "initiate," which means "[c]ommence; start; originate; introduce; inchoate. . . . To propose for approval--as schedule of rates." INITIATE, Black's Law Dictionary 705 (5th ed. 1979). "Prosecution" is defined as "[a] criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." PROSECUTION, Black's Law Dictionary 1099 (5th ed. 1979).

¶24 Following the requirements set out in Article II, Section 17 of the Oklahoma Constitution, Webber v. State, 1925 OK 736239 P. 566see also 22 O.S.2022, § 2id. § 301 ("Every felony must be prosecuted by indictment or information in the district or superior court. Misdemeanors must be prosecuted by information, except as otherwise provided by law: Provided, however, that the district court or the judge thereof, may, by order made, direct that any particular misdemeanor be presented to the grand jury, and when so ordered it may be prosecuted by indictment."). The first pleading on the part of the state is the indictment or information. 22 O.S.2022, § 388See 74 O.S.2022, §18b19 O.S.2022, § 215.411 O.S.2022, § 27-10851 O.S.2022, § 24A.3

¶25 Our definition of "initiating" included "[t]o propose for approval." That informs our definition insofar as the prosecution process begins before the respective attorney's filing of an information or indictment. It starts with the police department's or sheriff's proposal of criminal charges based upon the criminal investigation and fact-finding. For instance, critical to the district attorney's information is the verification by the issuing officer. See 22 O.S.2022, § 303id., including facts obtained through sworn statements from witnesses of a crime, see 22 O.S.2022, § 749

¶26 This expansive definition of "initiating criminal prosecutions" appears to be borne out in other statutory provisions. Contemporaneous to enactment of the ORA, the Oklahoma Statutes reveal numerous provisions authorizing executive agencies, boards, commissions, and officers with power to "initiate" or "instigate" or "institute" or "cause" the criminal prosecution of a law breaker. See, e.g., 59 O.S.1981, § 353.7initiate prosecution" (emphasis added)); 2 O.S.1981, § 2-4i]nitiate and prosecute civil or criminal actions and proceedings when deemed necessary to enforce or carry out any of the provisions of this Code [i.e., the Oklahoma Agriculture Code of 1955]" (emphasis added)); 18 O.S.1981, § 952initiate and prosecute civil or criminal actions and proceedings when deemed necessary to enforce or carry out any of the provisions of this code [i.e., Chapter 21 of the Oklahoma Business Corporation Act, which concerned Farming or Ranching Business Corporations]" (emphasis added)); 59 O.S.Supp.1985, § 1352.1initiate prosecution" (emphasis added)); 74 O.S.1981, § 223institut[ing] such prosecution"; this duty was reassigned in 1982 to the Attorney General, and the reference to instituting a prosecution was removed (emphasis added)); id. § 224 (repealed 1982) (referring to the State Auditor and Inspector's actions as "instigat[ing]" a prosecution (emphasis added)); 59 O.S.1981, § 45.8cause the prosecution of any person who shall violated any of the provisions of this act [i.e., the State Architectural Act of 1947]"; the 1986 amendments changed the wording of this provision to "initiate disciplinary, prosecution, and injunctive proceedings" (emphasis added)); 59 O.S.1981, § 858-208cause the prosecution of any person who shall violate any provision of this Code [i.e., the Oklahoma Real Estate License Code of 1974]" (emphasis added)). It appears the Legislature used all this terminology as synonyms to mean the same thing. Thus, the plain meaning of "initiating criminal prosecution" is broad enough to include "proposing criminal charges" or "causing the prosecution."

¶27 Nevertheless, the Jail Trust has admitted it does not initiate criminal prosecutions. ROA, Def.'s Mot.for Summ. J. and Br. in Supp., p.9; ROA, Def.'s Resp. to Pl.'s Mot. for Summ. J., p. 7. Indeed, no evidence was presented in this record to demonstrate that the Jail Trust was specifically involved in proposing criminal charges in the circumstances giving rise to this particular request for records or that the Jail Trust is even more generically involved in proposing criminal charges otherwise. Thus, the Jail Trust does not meet this third part of the definition of a "law enforcement agency," and it was error for the district court to find otherwise and enter summary judgment on the Jail Trust's behalf.

IV. CONCLUSION

¶28 The definition using the language "means . . ." signifies an exhaustive definition for purposes of the ORA; an entity must meet the above three requirements. The language "including, but not limited to. . . " signifies an illustrative, not exhaustive list of entities that satisfy the statutory definition; the entities listed by the Legislature are presumed to meet the definition.

¶29 Had the Legislature intended for the Jail Trust or an entity like it to be included as a "law enforcement agency" under the ORA, they could have done so with clear language. See Toxic Waste Impact Group, Inc. v. Leavitt, 1988 OK 20755 P.2d 626

¶30 A statute is not open to judicial construction as a matter of course. Ford v. Oklahoma Tax Comm'n, 1955 OK 168285 P.2d 436Sanders v. Turn Key Health Clinics, 2025 OK 19566 P.3d 591see also 25 O.S.2022, § 151 O.S.2022, § 24A.3 has an obligation to give force or effect or to compel obedience to state or local criminal laws, and one that is involved in the very beginning of the process of bringing alleged crimes to trial by providing the factual groundwork. The Jail Trust does neither. It acts as jailer to keep people in custody by lawful warrant.

¶31 Accordingly, we hold the Jail Trust does not meet the definition of a "law enforcement agency" under the ORA. The summary judgment of the trial court is reversed, and the proceeding is remanded for further proceedings consistent with this opinion.

PREVIOUSLY RETAINED ON THIS COURT'S OWN MOTION;
SUMMARY JUDGMENT OF THE TRIAL COURT REVERSED;
REMANDED FOR FURTHER PROCEEDINGS.

ROWE, C.J.; KUEHN, V.C.J. (by separate writing); and EDMONDSON, COMBS, GURICH, and DARBY, JJ., concur.

WINCHESTER (by separate writing), KANE, and JETT, JJ., dissent.

FOOTNOTES

No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint.

A. In the investigation of a criminal offense, the district attorney or any peace officer may take the sworn statement of any person having knowledge of such criminal offense. Any person charged with a crime shall be entitled to a copy of any such sworn statement upon the same being obtained.

B. If a witness in a criminal proceeding gives testimony upon a material issue of the case contradictory to his previous sworn statement, evidence may be introduced that such witness has previously made a statement under oath contradictory to such testimony.

KUEHN, V.C.J., CONCURRING SPECIALLY:

¶1 I agree with the majority in stating that a Jail Trust is not covered as a law enforcement agency under the terms of the Oklahoma Open Records Act (ORA) as the statute is currently written. If the legislature intended for the ORA to extend to entities such as the Jail Trust, it is the role of the legislature to amend the statute accordingly.

Winchester, J., with whom Kane, J. joins, dissenting:

¶1 Amber Lawson, the ex-wife of Plaintiff James Lawson ("Plaintiff"), went to the LeFlore County Detention Center ("Jail") to bond out two inmates. While there, she complained to a jailer that the process was taking too long. Allegedly, the jailer responded by yelling and cursing at her. During this interaction, Ms. Lawson called Plaintiff, who claimed he could hear yelling over the phone. Jail released the inmates 15-20 minutes later. Plaintiff filed this lawsuit out of anger regarding the situation, seeking to identify the jailer who yelled at Ms. Lawson and to understand the reason for the jailer's behavior. This is not the first time Plaintiff has been involved in legal disputes concerning allegations of Oklahoma Open Records Act ("ORA") violations. See Lawson v. Sequoyah Cnty. 911 Trust Auth., 2022 OK CIV APP 39521 P.3d 827Lawson v. Curnutt, 2010 OK CIV APP 78239 P.3d 192

¶2 I dissent to the majority's rigid interpretation of law enforcement agency, which excludes jails. The majority rests their conclusion on the definition of law enforcement agency found in the ORA, which states:

5. "Law enforcement agency" means any public body charged with enforcing state or local criminal laws and initiating criminal prosecutions including, but not limited to: police departments; state and local fire marshals when investigating potential violations of federal, state, or local criminal laws or when acting on behalf of a law enforcement agency; county sheriffs; the Department of Public Safety; the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control; the Alcoholic Beverage Laws Enforcement Commission; and the Oklahoma State Bureau of Investigation.

51 O.S. Supp. 2022, § 24A.3any public body not limited to the list of entities presented in the definition. The majority correctly concludes that Jail is a public body and notes that § 24A.3(5) provides a non-exclusive list of entities.

¶3 In construing a statute, our goal is to determine the Oklahoma Legislature's intent. Heldermon v. Wright, 2006 OK 86152 P.3d 855Toch, LLC v. City of Tulsa, 2020 OK 81474 P.3d 85951 O.S. Supp. 2022, § 24A.8

¶4 In focusing on technical definitions, the majority fails to recognize an important point that also demonstrates legislative intent: many law enforcement agency records available for public inspection pertain to events that occur at county jails. The majority instead concludes that a county jail is not charged with "enforcing state or local criminal laws" or "initiating criminal prosecutions," but was only created to accept and house prisoners. We cannot ignore that law enforcement activities take place at county jails. Records that could be subject to disclosure by a law enforcement agency--e.g., crime summaries, videos of use of physical force or violence by officers within the county jail, videos of an officer's actions that have become the cause of an investigation, or recordings that may materially aid a determination of whether officers are appropriately performing their duties as public servants--are all examples of records that could be maintained by a county jail due to incidents that happen there. See 51 O.S. Supp. 2022, § 24 A.8(A)(7) & (10). Oklahoma law also provides for jail trusts to employ certified peace officers with the exact sort of law enforcement authority charged with enforcing laws. 19 O.S. Supp. 2022, § 339(E). 

¶5 There is no question that county jails are essential and critical components of law enforcement. This is why the Legislature has entrusted them with the responsibility for "safekeeping of prisoners lawfully committed." 57 O.S.2021, § 41

¶6 Finally, Plaintiff's general personal interest in documents pertaining to a situation between an unidentified jailer and his ex-wife is simply not sufficiently important and does not outweigh Jail's interest in producing the records pursuant to the ORA. For these reasons, I respectfully dissent.

FOOTNOTES

When the board of county commissioners approves an express trust, pursuant to Sections 176 through 180.4 of Title 60 of the Oklahoma Statutes, for the purpose of operating a county jail, the trustees of the public trust may appoint commissioned peace officers, certified by the Council on Law Enforcement Education and Training, to provide security for inmates that are required to be transported outside of the detention facility, and investigate violations of law within the detention facility.

(emphasis added).

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105