OSCN Found Document:GRAY MEDIA AND MARSICANO v. COMANCHE COUNTY FACILITIES AUTHORITY, et al.

 

 
 GRAY MEDIA AND MARSICANO v. COMANCHE COUNTY FACILITIES AUTHORITY, et al.2026 OK 12Case Number: 122685 (comp w/ No. 122806)Decided: 03/03/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 12, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

GRAY MEDIA GROUP, INC. d/b/a KSWO-TV and SETH MARSICANO, Plaintiffs/Appellants,
v.
COMANCHE COUNTY FACILITIES AUTHORITY and DAVID WEBBER, in his official capacity as Interim Administrator of Comanche County Detention Center, Defendants/Appellees.

MEMORANDUM OPINION

COMBS, J.:

¶ 1. This is an appeal from an order of the Comanche County District Court denying the Plaintiffs/Appellants' petition below for declaratory and injunctive relief pursuant to section 24A.17(B) of the Oklahoma Open Records Act (ORA), 51 O.S. § 24A.17James Lawson v. LeFlore County Detention Center Public Trust, No. 122,806, because both cases concerned whether the ORA's definition of "law enforcement agency" in section 24A.3(5) included a detention center managed by a public trust.

¶ 2. At the district court, Gray Media Group, Inc., d/b/a KSWO-TV and Seth Marsicano, the trial court plaintiffs, filed for declaratory and injunctive relief, a writ of mandamus, and attorneys' fees after their request for video footage from the Comanche County Detention Center (CCDC or detention center) was denied. The detention center is operated by the trial court defendant, Comanche County Facilities Authority (CCFA), a public trust created per 60 O.S. §§ 176et seq. Defendants filed a motion to dismiss, arguing they were a "law enforcement agency" under § 24A.3(5) of the ORA and were therefore exempt from producing documents other than those specified in the act. The district court initially found it did not have enough information to decide whether CCFA was a "law enforcement agency" and denied its motion to dismiss. The district court directed the parties to schedule an evidentiary hearing so that more information could be collected. That evidentiary hearing was conducted two months later. After the evidentiary hearing, the district court issued its order concluding that CCFA is a "law enforcement agency," 51 O.S.2024, § 24A.351 O.S.2024, § 24A.8

¶ 3. The primary issue in this appeal concerns the construction or interpretation of the definition of "law enforcement agency" under the ORA, 51 O.S.2024, § 24A.3legal questions subject to de novo review. Fulsom v. Fulsom, 2003 OK 9681 P.3d 652

any public body charged with enforcing state or local criminal laws and initiating criminal prosecutions including, but not limited to, police departments, county sheriffs, the Department of Public Safety, the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, the Alcoholic Beverage Laws Enforcement Commission, and the Oklahoma State Bureau of Investigation.

Whether this statutory definition covers a public trust operating a detention center is the same issue we addressed in Lawson v. LeFlore Cnty. Det. Ctr. Pub. Trust Sec. Comm'n, 2025 OK 87Lawson, we held as a matter of law that a public trust operating a county detention center did not satisfy the ORA's definition of "law enforcement agency."

¶ 4. Our holding in Lawson resolves this case. The trial court's order is reversed and remanded for further proceedings consistent with this opinion. 

REVERSED AND REMANDED 
FOR FURTHER PROCEEDINGS.

ROWE, C.J.; KUEHN, V.C.J.; and EDMONDSON, COMBS, GURICH, and DARBY, JJ., concur.

WINCHESTER (by separate writing), KANE, and JETT, JJ., dissent.

FOOTNOTES

See also 12 O.S. § 696.4

 

 

Winchester, J., with whom Kane, J. and Jett, J. join, dissenting:

¶1 I dissent for the same reasons I dissented in Lawson v. LeFlore County Detention Center Public Trust Security Commission, 2025 OK 87

¶2 Appellants Gray Media Group, Inc. d/b/a KSWO-TV and Seth Marsicano ("Media Group") requested the release of a video that captures "the moments before, during, and after the deadly assault" of an inmate at Appellee Comanche County Facilities Authority ("Detention Center"). The surveillance video purportedly shows an altercation between inmates culminating in the death of an inmate. Detention Center denied access to the video, claiming that it was not required to release the video because it is a law enforcement agency under the ORA.

¶3 Detention Center unquestionably performed law enforcement duties during the very incident that Media Group is attempting to obtain video of, including the employment of CLEET-certified law enforcement officers to supervise inmates and investigate the incident. Detention Center collected evidence, interviewed witnesses, prepared reports of the incident, and presented the information to a district attorney for a charging decision. These actions of Detention Center enforced state and local criminal laws and initiated a criminal prosecution as required for a law enforcement agency under the ORA. 51 O.S. Supp. 2024, § 24A.3

¶4 Even more, designating these facilities as law enforcement agencies protects the inherent safety of the facilities and the privacy rights that inmates retain while in custody. The surveillance video at issue depicts inmates in various states of undress, includes areas of Detention Center that are not visible to the camera (i.e., blind spots) that if disclosed could impact the security of the facility or increase escape risks, and reveals the response of Detention Center to the incident, particularly the separation of certain inmates because they are presumably informants. Even those videos subject to disclosure by a law enforcement agency under the ORA (body camera video and dashboard camera video) are subject to redactions, including specific portions of the video that depict the death of a person, a dead body, nudity, acts of severe violence, or great bodily injury, all of which are at issue in this case. See 51 O.S. Supp. 2022, § 24 A.8(A)(9) & (10). While the Legislature provided for the disclosure of videos in other contexts, it notably excluded surveillance footage of jails, detention centers, and other law enforcement agencies--distinct from body-worn and dashboard cameras--from the ORA. The rationale for this exclusion is clear: protecting the security of the facilities and some privacy interests of individuals involved in law enforcement activities.

¶5 Media Group's ORA request pertains to only one type of record (video surveillance) that is now subject to disclosure by Detention Center. However, law enforcement agency records that Detention Center and other jails could maintain regarding similar incidents are substantial--e.g., crime summaries, videos of use of physical force or violence by inmates or officers within the county jail, videos of actions by inmates or officers that have become the cause of an investigation, or videos that depicts the death of an inmate or officer while working in the jail. See 51 O.S. Supp. 2022, § 24 A.8(A)(7) & (10), (B)(2). The majority's holding today overlooks again that many law enforcement agency records available for public inspection pertain to events that occur at jails and detention centers. As demonstrated in this case, the blanket disclosure of such records would pose a continuous threat to the security of jails and detention centers, jeopardize the safety of confidential informants, and infringe upon the residual privacy rights of the incarcerated. As the U.S. Supreme Court observed:

Inmates in jails, prisons, or mental institutions retain certain fundamental rights of privacy; they are not like animals in a zoo to be filmed and photographed by the public or by media reporters, however "educational" the process may be for others.

Houchins v. KQED, Inc., 438 U.S. 1, 5 n.2 (1978). For these reasons, I respectfully dissent.